**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | ) |
| | ) |
| JOHN K. KUMMER, AND | ) Bankruptcy No.: 16-22876-GLT |
| BONNIE B. KUMMER, | ) |
|     Debtors. | ) Chapter: 13 |
| | ) |
| JOHN K. KUMMER, AND | ) Doc. No.: 54 |
| BONNIE B. KUMMER, | ) |
|     Movants, | ) Response date: |
| | ) Hearing date: |
| v. | ) Hearing time: |
| | ) |
| U.S. BANK TRUST NATIONAL | ) |
| ASSOCIATION, AS TRUSTEE OF THE | ) |
| BUNGALOW SERIES III TRUST, | ) |
|     Respondent. | ) |

## EMERGENCY MOTION FOR SANCTIONS PURSUANT TO 12 U.S.C. § 2605 FOR FAILURE TO PAY ESCROWED HOMEOWNERS INSURANCE

To the Court:

    1. The Movants are the Debtors, John K. Kummer and Bonnie B. Kummer, who filed a Petition under Chapter 13 on August 4, 2016.

    2. The Respondent is U.S. Bank Trust, National Association, as Trustee of the Bungalow Series III Trust ("U.S. Bank") who filed a Transfer of Claim (Cl. #5-1) in this case on July 25, 2018 at Doc. # 45. Claim 5-1 Part 2 filed 12/23/16 Page 12 of 32 states that the mortgage is a Fannie Mae/Freddie Mac instrument.

    3. This Court has jurisdiction under 28 U.S.C. §§ 157(a), 1334(b), and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. The Movant Debtors consent to entry of final orders or judgment by the bankruptcy court pursuant to Fed.R.Bankr.P. 7008. Venue is proper according to 28 U.S.C.§ 1409(a). This is a core proceeding pursuant to 28 U.S.C. §157(2)(A) & (C).

4. Due to discrepancies and confusion concerning the Movants' mortgage payments as listed in U.S. Bank's Transfer of Claim and subsequent Notices of Mortgage Payment Change, specifically dealing with escrow payments, the Debtors filed a Motion for Status Conference with U.S. Bank on March 26, 2021 at Doc. # 50. A copy of the Motion for Status Conference is attached as Exhibit A.

5. By Order dated March 30, 2021 at Doc. # 51, a Status Conference is scheduled for May 5, 2021. The Order states, in part, "An authorized agent for U.S. Bank Trust, National Association, with actual knowledge of the Debtors' account status, shall attend this Status Conference."  No one from U.S. Bank has contacted Debtors' Counsel since the filing of the March 30, 2021 Order.

6. The Movants' real estate taxes and home insurance premiums are, and always have been, paid through an escrow.

7. On April 27, 2021, the Movants informed Debtors' Counsel that they had received a notice from their home insurance provider, Farmers Mutual Fire Insurance Co. of Marble, PA ("Farmers") that their policy is being canceled due to "non-payment of premium," effective on May 1, 2021. A copy of the Notice of Cancellation or Refusal to Renew is attached as Exhibit B.

8. The Debtors' payments to the Chapter 13 Trustee are by way of a wage attachment and are regular and consistent, going back to the beginning of this case. A copy of the Receipts Ledger from the Trustee's website is attached as Exhibit C.  The Chapter 13 Trustee's mortgage payments to the Respondent appear to be current. A copy of the Payment History Ledger for Claim 3 — US Bank Natn'l Assn — Trustee Bungalow Series III Trust from the Trustee's website is attached as Exhibit D.

9. The Respondent U.S. Bank, after receiving regular mortgage payments from the Chapter 13 Trustee on behalf of the Movant Debtors, failed to pay home insurance premiums

in a timely manner, resulting in the imminent cancellation of the Movants' homeowners insurance policy, through no fault of their own. Cancellation of the Movant Debtors' homeowners insurance is prejudicial and jeopardizes an asset of the estate.

10. 12 U.S.C. § 2605(g) provides,

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due. . . .

11. 11 U.S.C. § 2605(f) provides,

> **Damages and costs.** Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> (1) Individuals. In the case of any action by an individual, an amount equal to the sum of—
>
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12. 12 C.F.R. § 1024.17(f)(5) provides,

> **Notice of shortage or deficiency in escrow account**. The servicer shall notify the borrower at least once during the escrow account computation year if there is a shortage or deficiency in the escrow account. The notice may be part of the annual escrow account statement or it may be a separate document.

13. No notice of any deficiency or shortfall in the Movants' mortgage escrow account has ever been received by the Movants or their Counsel.

14. 12 C.F.R. § 1024.17(k)(5)(ii)(B) provides,

> **When inability does not exist.** A servicer shall not be considered unable to disburse funds from the borrower's escrow account because the escrow account contains insufficient funds for paying hazard insurance premium charges.

THEREFORE, the Movant Debtors request:

(1) An Order compelling the U.S. Bank to immediately pay all necessary payments, including whatever fees, late charges, or other relevant costs, that are necessary to reinstate the Debtors' home insurance policy with Farmers, or to procure another equivalent policy, before the expiration of the Movants' current home insurance policy on May 1, 2021, at no extra cost to the Movant Debtors;

(2) Actual damages pursuant to 11 U.S.C. § 2605(f)(1)(A) from U.S. Bank in the amount of $750 for attorney's fees, or any amount in the discretion of the Court;

(3) Statutory damages pursuant to 11 U.S.C. § 2605(f)(1)(B) in an amount to be determined in the discretion of the Court, not to exceed $2,000.00;

(4) Any other relief available in the discretion of the Court.

        Respectfully submitted,

April 28, 2021

/s/ Dai Rosenblum_____
Dai Rosenblum, Attorney for
John K. & Bonnie B. Kummer, Debtors
254 New Castle Road, Suite B
Butler, PA 16001-2529
(724) 283-2900   PA ID No. 31802
dai@dairosenblumbankruptcy.com